UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUTCHINSON, | No. 2:16-cv-0913-EFB P |
| Plaintiff, | |
| v. | ORDER |
| HOROWITZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He concedes that he did not present the facts in his complaint for review through the administrative grievance procedure prior to commencing this action. *See* ECF No. 1, § I.F.; ECF No. 10, § V. This action must therefore be dismissed for plaintiff's failure to exhaust administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) (prisoner's concession to nonexhaustion is valid ground for dismissal of an action, so long as no exception applies), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (*en banc*).

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1    until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This

2    requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001);

3    *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute

4    making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion

5    a precondition to *suit*.").  Therefore, a prisoner must exhaust available administrative remedies

6    before filing any papers in federal court and is not entitled to a stay of judicial proceedings in

7    order to exhaust.  *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006); *McKinney*, 311 F.3d

8    1198.

9          California prisoners may appeal "any policy, decision, action, condition, or omission" that

10   the inmate can demonstrate "as having an adverse effect upon his or her welfare."  Cal. Code

11   Regs. tit. 15, § 3084.1(a).  The grievance process, as defined by California regulations, has three

12   levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs.

13   tit. 15, § 3084.7.  Administrative remedies generally are exhausted once a plaintiff has received a

14   "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.*,

15   § 3084.1(b).

16         Here, plaintiff alleges that he was denied constitutionally adequate medical care.  ECF No.

17   1, § III.  He alleges that there is a grievance procedure available to him and that he has filed a

18   grievance concerning the facts relating to his complaint.  *Id.*, § I(B)—(C).  However, he concedes

19   that the grievance process has not been completed, explaining that it will "delay" his request for

20   relief and that he "may suffer irreparable harm unless this court makes an [EMERGENCY]

21   ORDER."  *Id.*, §§ I(F).  *See also* ECF No. 10 (May 16, 2016 amended complaint), § V

22   (conceding that his appeal is "still pending").

23         "Proper exhaustion demands compliance with an agency's deadlines and other critical

24   procedural rules because no adjudicative system can function effectively without imposing some

25   orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

26   The concessions in plaintiff's complaint demonstrate that he has not "properly exhausted" his

27   claims by pursuing all levels of administrative review available to him, and that there is no

28   applicable exception to the exhaustion requirement.  *See Booth*, 532 U.S. at 741 n. 6 (stating

courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"). This action must therefore be dismissed without prejudice. *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

DATED: June 14, 2016.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE